Per Curiam.

As to the appeal of the American Can Company, we believe that the syllabus of the Grinnell case, supra, requires the conclusion that the property involved was not in storage because it was “located * * * at the place where it was manufactured into a product.”
As to the Tax Commissioner’s appeals, all involve very close questions. Apparently, the Board of Tax Appeals endeavored to apply the guides specified in the Grinnell case. We do not believe that the board’s conclusions are unreasonable or unlawful.
As to the Copeland appeal, we reach the same conclusion except so far as the conclusions of the Board of Tax Appeals relate to raw materials and semifinished products to be employed in production and to be transported over city streets *85 from separate warehouses a distance of one to two miles. To that extent, the board’s decision seems to be inconsistent with parts of the board’s prior decisions involved in the Tax Commissioner’s appeals in the American Can and Champion cases referred to herein. If, as we are holding, the decisions of the board in those cases were not unreasonable and unlawful, the board should, in order to be consistent and therefore to be reasonable, reconsider the foregoing portion of its decision in the Copeland ease.
Decisions affirmed in eases Nos. 35675, 35676> 35705, 35749 and 35750.

Decision remanded in case No. 35807.

Weygandt, C. J., Zimmerman, Stewart and Taet, JJ., concur.